UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| HAMP'S CONSTRUCTION, L.L.C. | CIVIL CASE |
| VERSUS | No. 10-3460 |
| TAG-MISSISSIPPI ENTERPRISES, L.L.C. | SECTION "I" |

## ORDER AND REASONS

Before the Court is a motion to remand filed by plaintiff, Hamp's Construction, L.L.C. ("Hamp"). Defendant, TAG-Mississippi Enterprises, L.L.C. ("Tag"), opposes such motion. Because the Court finds that Tag's notice of removal was untimely filed, the motion to remand is **GRANTED**.

### *BACKGROUND*

This case arises out of a dispute between Hamp and TAG over the termination of their joint venture agreement. The parties entered into such agreement to fulfill a 4.5 million dollar construction contract for the U.S. Army Corps of Engineers. In April 2009, each party accused the other of using funds from a joint bank account in a manner not previously agreed to by the parties.

In June 2009, Hamp filed a petition for preliminary injunctive relief and appointment of a receiver in Orleans Parish Civil District Court against Tag, alleging that Tag had violated the joint venture agreement with Hamp by misappropriating joint venture funds and terminating Hamp from the agreement. TAG removed such lawsuit to this Court on July 6, 2009, asserting that the Court had subject matter jurisdiction pursuant to 28 U.S.C. § 1332. Finding that the

parties were diverse and that the amount in controversy exceeded $75,000, exclusive of interest and costs, the Court refused to remand the case on July 27, 2009.

On October 20, 2009, the Court granted Tag's unopposed motion to stay the proceedings pending arbitration. The Court's order stated:

> **IT IS ORDERED** that the above-captioned matter is **STAYED** and **ADMINSTRATIVELY CLOSED**. The matter may be reopened upon the filing of a written motion by either party within 30 days of a decision in the arbitration matter.[1]

On August 12, 2010, the arbitration panel rendered an award in Hamp's favor. On August 19, 2010 – seven days later– Hamp instituted a new action in state court to confirm the arbitration award.[2]

Tag was served with the petition to confirm the arbitration award on August 26, 2010. At no time during the thirty days following August 12, 2010 did Tag seek to reopen the case in this Court.

On September 14, 2010, Hamp filed a supplemental petition for mandamus against Sylvester Hosey ("Hosey"), in his capacity as the managing member of Tag. The supplemental petition for mandamus, which was assigned the same case number as that of the action filed in state court on August 19, 2010, seeks to require Hosey to comply with the terms of the arbitration award and previous orders of the arbitration panel.

On October 1, 2010, the state court confirmed Hamp's petition to confirm the arbitration award and it entered a judgment in Hamp's favor. On October 13, 2010, Tag filed a notice of removal in this Court with respect to Hamp's state-court action.

---

[1] Hamp's Construction, LLC v. TAG-Mississippi, LLC, No. 09-4256, R. Doc. No. 33 (E.D. La. filed July 6, 2009).

[2] Hamp's Construction, LLC v. TAG-Mississippi, LLC, No. 2010-8593 (Orleans Parish Civ. Dist. Ct. filed Aug. 19, 2010).

Hamp argues that Tag's notice of removal is improper because all defendants did not join in the notice of removal and the notice of removal was untimely.  Notwithstanding the fact that Tag did not move this Court to reopen the case within thirty days of a decision in the arbitration matter as required by the October 20, 2009 order, Tag essentially argues that removal is proper because this Court retained jurisdiction over the case when it stayed the matter pending arbitration.

## *DISCUSSION*

Unless arbitrating parties have agreed that a certain court retains "exclusive jurisdiction over post arbitration proceedings," the parties are not obliged to conduct post-arbitration proceedings in a particular court.  *See HCC Aviation Ins. Grp. v. Emp'r Reinsurance Corp.,* No. Civ.A. 3:05CV744M, 2005 WL 1630060, at *2 (N.D. Tex. June 30, 2005).  Tag does not point to any agreement between the parties indicating that this Court retained exclusive jurisdiction over the parties' post-arbitration proceedings.  Although this Court's October 20, 2009 order stated that, "[t]he matter *may* be reopened upon the filing of a written motion by either party within 30 days of a decision in the arbitration matter,"[3] such language is patently permissive.  Accordingly, Hamp acted within its discretion to institute a new action to confirm the arbitration award in a Louisiana state court.

Because Hamp instituted a new action in state court, Tag was required to abide by the procedural requirements set forth in 28 U.S.C. § 1446(b). 28 U.S.C. § 1446(b) states, in pertinent part, that:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through

---

[3] Hamp's Construction, LLC v. TAG-Mississippi, LLC, No. 09-4256, R. Doc. No. 33 (E.D. La. filed July 6, 2009) (emphasis added).

> service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of a summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

Tag does not dispute that it was served with process in the state-court action on August 26, 2010. Tag did not remove the state-court action to federal court until October 13, 2010, well over thirty days after Tag was served. As such, Tag's removal is improper under § 1446(b) and the Court must remand the case.

The fact that Hosey was not added as a defendant to the action until September 14, 2010 does not impact the Court's analysis. "The provisions of section 1446(b) make it clear that a petition for removal must be filed within thirty days after service of summons upon the defendant." *Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1262 (5th Cir. 1988). "In cases involving multiple defendants, the thirty-day period begins to run as soon as the first defendant is served (provided the case is then removable)." *Id.* at 1263. All defendants who have been properly joined and served must join in the removal petition "no later than thirty days from the day on which the first defendant was served." *Id.* at 1262-63. If the removing parties fail to comply with such procedural requirements, the plaintiff may move for remand within thirty days of removal. 28 U.S.C. § 1447(c) ("A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal . . . ."). Accordingly, the fact that Hosey was not added as a defendant to the state-court action until September 14, 2010 is of no moment.[4] Although, "[t]he Fifth Circuit has noted that there are instances where there may be 'equitable reason[s]' why the [thirty-day] limit

---

[4] The Court also observes that it was Tag, not Hosey, that filed the notice of removal. Hosey did not join in the notice of removal. R. Doc. No. 1. Because the Court concludes that Tag's removal was untimely under § 1446(b), the Court does not address Hamp's other arguments with respect to improper removal.

should not be applied," the Court concludes that no such equitable reason exists in this case. *Caillouet Land Corp. v. Chevron Pipe Line Co.*, Civil Action No. 06-10533, 2007 WL 1991531, at *5 (E.D. La. July 3, 2007) (Fallon, J.) (citing *Brown v. Demco, Inc.*, 792 F.2d 478, 481 (5th Cir. 1986)).

Furthermore, a supplemental petition filed in Louisiana state court does not constitute a new action. *See* La. Code Civ. Proc. Art. 1155. Indeed, the supplemental petition for mandamus against Hosey was assigned the same case number as Hamp's application for confirmation of the arbitration award. Although the filing of a supplemental petition in state court can cause a case that lacked federal jurisdictional prerequisites at the time of filing to fall within the ambit of federal jurisdiction where, for instance, the supplemental petition raises a federal question or increases the amount in controversy between diverse parties,[5] Tag does not argue that the case became removable only after Hamp filed the supplemental petition for mandamus.

Tag had at least two opportunities to invoke this Court's jurisdiction. First, pursuant to this Court's October 20, 2009 order, Tag could have reopened the case in this Court at any time "within 30 days of a decision in the arbitration matter."[6] Tag failed to do so. Second, as discussed above, Tag could have filed a notice of removal with respect to Hamp's state-court petition to confirm the arbitration award within thirty days of being served in that matter. Again, Tag failed to do so. Instead, Tag sat on its hands while the state court confirmed the arbitration

---

[5] 28 U.S.C. § 1446(b) (" . . . If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.").

[6] R. Doc. No. 33.

award and entered a final judgment with respect to such award. This Court declines Tag's invitation to call the state-court proceedings into question.

### *CONCLUSION*

Accordingly, **IT IS ORDERED** that the motion to remand is **GRANTED** and that this case is **REMANDED,** pursuant to 28 U.S.C. § 1447(c), to the Orleans Parish Civil District Court.

**IT IS FURTHER ORDERED** that Tag's motion for leave to file an amendment to its notice of removal is **DISMISSED AS MOOT**.

New Orleans, Louisiana, December __4th__, 2010

_____
**LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE**